# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DR. JAMES ELIPAS, et al.,  )
                  Plaintiffs.  )
                  vs.  )    No. 07 C 3026
JAMES K. JEDYNAK, et al.,  )
                  Defendants.  )

## MEMORANDUM OPINION AND ORDER

Defendant, James K. Jedynak, moves this court to approve the sale and transfer of certain real estate. All plaintiffs renew their motion for a Writ of Attachment against defendant's assets, including the land he seeks to sell.

On October 22, 2007, the court entered an agreed order precluding the Jedynak defendants from selling, assigning, transferring, pledging, encumbering, or granting a security interest in their current assets without prior leave of the court. The order also prevented the Jedynak defendants from making withdrawals or transfers from certain enumerated bank accounts other than in the normal and ordinary course of business and daily living. On November 15, 2007, the Jedynak defendants entered into a contract to sell certain real property, with associated personality, located in the State of Idaho. Because the property is subject to the October 22, 2007, order, defendants move the court for permission to complete the sale.

In support of the request for permission to sell the Idaho property, defendant James K. Jedynak, has provided the court with a copy of the sales contract, a letter from the buyer's attorney, a December 2007 mortgage statement, and a copy of a Sales Fee Contract. We have

no desire to stand in the way of what may be a legitimate business transaction but from these materials the court has no way to determine if the proposed sale is reasonable. Indeed, the defendant's submissions indicate that the sales price may have already been adjusted downward, based on an appraisal conducted by the buyer's lender that values the property at less than the contract price. In order to aid the court in deciding whether to allow the sale, the Jedynak defendants should submit the following to the court as soon as possible:

1) an appraisal of the property conducted by an appraiser licensed by the state of Idaho;

2) a copy of all mortgages that currently encumber the property; and

3) an affidavit from the Jedynak defendants attesting to the following:

    a) the fact that this is an arm's length transaction and that they have no relationship with the purchaser and will retain no interest in the property after the sale;

    b) the current sale price of the property; and

    c) an accounting of any and all debts on the property that will need to be paid at closing.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 4, 2008.