IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. JAMES ELIPAS, et al., )
)
      Plaintiffs. )
)
vs. ) No. 07 C 3026
)
JAMES K. JEDYNAK, et al., )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Two groups of investors are suing several individuals and entities, claiming that they fraudulently induced the plaintiffs to become involved in Unified Worldwide Transport (UWT). According to the complaints (there are two), the principal villain is James K. Jedynak, and he operated, in part, through KKJ Holdings, LLC (KKJ-I). They also sue Betty Gail Howard, KKJ Holdings-II, Inc., KKJ Holdings-III, LLC, KKJ Holdings-IV, LLC, Asset Protection, Inc., Prosperous Endeavors Limited Partnership, Pacific Coast Holdings Group, LLC, Wendy Jedynak and Scott Cummings. All defendants not in bankruptcy, other than James K. Jedynak and KKJ-I, move to dismiss. Those motions are granted in part and denied in part.

The bases for the motions are that the complaints, to the extent they sound in fraud (and that is most of the counts), are not alleged with the particularity required by Federal Rule of Civil Procedure 9(b) or otherwise, and that certain of the counts do not state claims.

The particularity attack has substance in some respects, but not in others. This litigation rests on two complaints. The scenarios they present are similar. According to plaintiffs, James K. Jedynak orchestrated a fraud relating to the sale of shares of UWT, now

in bankruptcy. He created a number of entities – all the other corporations, which are collectively referred to as the Jedynak Entities. KKJ-I was used as an active participant in the fraud. The other Jedynak Entities had a more passive role. They were largely used to park the assets Jedynak had acquired through the schemes. Movant Wendy Jedynak is the wife of James. According to the allegations, she was or is the owner or manager of the other Jedynak Entities – much of the proceeds of the fraud went to those entities and she, well aware of what was going on, converted much of those proceeds to her own use. In one instance, she represented to an investor that her husband was extremely successful, knowing that was untrue.

The allegations do not suggest that Wendy had much direct contact with investors. Betty Gail Howard, another defendant, had a more direct role. And so did movant Scott Cummings, who, according to plaintiffs, took over three million, or approximately four million, during his management, with Howard, of UWT. Cummings, allegedly also aware of what was going on, had a less direct role with investors than Jedynak and Howard, but he was involved in putting together the various written materials, including solicitation and summary materials and profit and loss statements, that he knew were false. Further, Wendy and Cummings both failed to disclose a laundry list of material facts that, by the nature of their positions, they had an obligation to disclose.

One of the complaints runs 44 pages, with 288 paragraphs. The other is 38 pages, with 180 paragraphs. There is a wealth of detail, certainly enough to keep the moving defendants in the case. The other Jedynak Entities are necessary parties, if for no other purpose than to recover assets allegedly illegally parked with them. The plaintiffs cannot be much more detailed about what was not disclosed. Cummings and Wendy Jedynak do, however, have one

legitimate complaint – the complaints are far more detailed with respect to James K. Jedynak (and Howard), and there are substantial allegations respecting the two moving defendants that lack the "who, what, where, and when" details required for particularized pleadings. For example, in Elipas' Second Amended Complaint, paragraphs 19 and 20, refers to alleged oral representations by Cummings to Elipas, but provides no data or places, and it also refers to solicitation materials without further identifying those materials.

We see no purpose to be served, however, by granting the motions and requiring plaintiffs to recast their complaints paragraph-by-paragraph, when the allegations, taken as a whole, are sufficient. Instead, we deny the motions. We strike the above-described paragraphs 19 and 20; we grant plaintiffs leave to amend those paragraphs within 30 days, and we advise plaintiffs to be sensitive to providing additional information about other allegations that may be too "bare bones," like paragraphs 19 and 20. As to the latter, we have particular concerns about those paragraphs, 186-200, that reference only "defendants," where the alleged representations may or may not be oral. If they are included in written material furnished to investors, then presumably Cummings is within the scope of the allegation, but not Wendy, as she is not alleged to have participated in the writing of false documents. If allegedly oral, the complaints do not indicate who allegedly said what to whom and when . If plaintiffs mean to implicate Cummings and Wendy beyond Cummings' involvement in written materials, they should amend to so indicate.

But should we dismiss some of the counts because the allegations do not support a specific claim? The Elipas defendants attack specific counts for specific reasons. The King defendant (Cummings) attacks some of the counts, but not for the same reasons. The arguments are somewhat intertwined with contentions by the moving defendants that plaintiffs

have not sufficiently alleged fraud, that they ignore the concept that the other Jedynak Entities should remain in the lawsuit as necessary parties/stakeholders, even if they are not allegedly active instigators of the alleged scheme, and that piercing the corporate veil is important. As to the latter, we are somewhat uncertain about the applicability of that concept here. Normally, that concept comes into play when a party wants to impose liability upon an individual who acted through a sham corporation. Here, the plaintiffs want to impose liability upon corporations because of the alleged fraud of their owner or principal – a flip side to that concept – and we are not at all sure what that adds to the analysis.

The various claims are but alternate ways to recover, alternate to the basic federal claim. They add virtually nothing to the discovery burdens. We see no reason to make the effort now to decide what roads could lead to Rome. The answer may well be much easier to determine after the parties have explored, at least to some degree, what this case is all about. For now, we deny the motions to dismiss (subject to the amendments), but without prejudice to the renewal of that motion or the filing of a summary judgment motion at a later time.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

\_\_Oct. 3\_\_, 2008.
Oct 3, 2008